TUCKLR, P.
I am of opinion, that the judgment should be reversed, and a new trial directed. The action was trespass de bonis asportatis to recover the value of a slave. The defendant, Humphrey Parrish, insisted that the slave belonged to his father’s estate, of which he was the'administrator, and he called his brother Nelson to prove it. The objection to the competency of the witness was, that he was interested as a distributee; to obviate which a deed from him to Humphrey was produced, conveying all his interest in his father’s estate to him; so that he had parted with all interest as distributee. But in the deed, he gives a general warranty of all the right conveyed: and it is contended, that he is liable to make good the loss to Humphrey, if the plaintiff recovers, and so is interested in protecting the defendant by his testimony. I do not think so. If the defendant loses the slave, it will be because the witness’s father had no title to him ; and if he had not, then the witness had none, and so the conveyance and the warranty had no reference to that slave. Por he sold no specific property nominatim or by description; but only his right, title and interest in the estate. What he had no right, title or interest in, or what was in fact no part of the estate, he did not sell, and of course did not warrant; for the warranty cannot be larger than the *grant. Though the language of this warranty seems general, yet it is, in effect, but a warranty against the vendor and all claiming under him, of such right and title as he had in his father’s estate. He did not warrant this slave or any other property to be part of his father’s estate. On the contrary, the very terms of the deed, that he sold “all his right, title and interest,” exclude the idea of his selling any thing more than he had a right to, and of course exclude the idea of his warranting any thing. Then not having warranted the title of his father to this slave, he would not be responsible for his loss, and so is disinterested. The warranty was designed, not to insure the goodness of the father’s title, but to secure the vendee against any prior conveyance or incum-brance of his own right and title.
The witness was therefore improperly excluded, and there must of course be a new trial.
The other judges concurred. Judgment reversed, and cause sent back for new trial.